UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – –   X

IN RE SEPTEMBER 11TH LITIGATION

And

IN RE SEPTEMBER 11TH PROPERTY DAMAGE AND
BUSINESS LOSS LITIGATION

Civil Nos.
21 MC 97 (AKH)
21 MC 101 (AKH)

THIS DOCUMENT RELATES
TO: 03 CV 6802 (AKH) and
   02 CV 6364

Bailey v. United Air Lines, Inc.,
et. al.

and

Baker, et al. v. United Air Lines,
Inc., at al.

**DECLARATION OF
JEFFREY J. ELLIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – –   X

    1.    I am an attorney and member of the law firm of Quirk and Bakalor, P.C., co-counsel for defendants United Air Lines, Inc. and UAL Corporation in this litigation and I am fully familiar with all prior pleadings and proceedings.

    2.    I submit this declaration in support of the motion by defendants United Air Lines, Inc., UAL Corporation and Huntleigh USA Corporation for Orders: (1) approving the settlements; (2) entering final judgments pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act Applies to the Settlement Amounts; and (4) dismissing the Complaints with prejudice as to all defendants.

    3.    Annexed hereto as Exhibit "A" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Bailey v. United Air Lines, Inc., et. al.,* 03 CV 6802

(AHK) with the settlement amount redacted. An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

4.    Annexed hereto as Exhibit "B" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Baker, et al. v. United Air Lines, Inc., et. al.*, 02 CV 6364 (AHK) with the settlement amount redacted. An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

Pursuant to 28 U.S.C. Section 1756, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on May 1, 2007, at New York, New York.

_____
Jeffrey J. Ellis

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 21 MC 97 (AKH)

THIS DOCUMENT RELATES TO:
03 CV 6802 (AKH)

IN RE SEPTEMBER 11 LITIGATION

Bailey v. United Air Lines, Inc., et. al.

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants UNITED AIR LINES, INC. (hereinafter "UNITED"), UAL CORPORATION (hereinafter "UAL"), and HUNTLEIGH USA CORPORATION (hereinafter "HUNTLEIGH"), and Plaintiff KATHERINE BAILEY, Individually and as Personal Representative of the Estate of GARNET BAILEY, and on behalf of all heirs and next of kin of GARNET BAILEY, deceased (hereinafter "PLAINTIFF") hereby stipulate and agree:

1. In consideration of the sum of ███████████████████ ████████████████████████ to be paid by the Insurers of UNITED and UAL, and the sum of ████████████████████████████████ ██████████████ to be paid by the Insurers of HUNTLEIGH, for a total of the payments to PLAINTIFF of ████████████████████████████████ ███████████ PLAINTIFF agrees to release and discharge UNITED, UAL, HUNTLEIGH, ICTS INTERNATIONAL NV and any and all other defendants named in any of the individual or Master Complaints filed under civil number 21 MC 97 (AKH), and agrees to execute a Confidential Release in the form attached hereto as Exhibit

"1".

2. The parties to this Agreement recognize the legitimate interest of UNITED, UAL, and HUNTLEIGH in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). UNITED, UAL, and HUNTLEIGH are not willing to enter into this Agreement absent that assurance. The parties therefore agree that:

    (a)    UNITED, UAL, and HUNTLEIGH shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1)of ATSSSA; and

    (b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1)of ATSSSA.

3. Within 21 days after execution of this Confidential Stipulation of Settlement, UNITED, UAL, and HUNTLEIGH shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "2". The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all

2

proceedings by PLAINTIFF against UNITED, UAL, and HUNTLEIGH, and any and all other defendants named in any of the individual or Master Complaints filed under civil number 21 MC 97 (AKH), including without limitation each of the defendants listed in Appendix "A" to the Confidential Release in the form attached hereto as Exhibit "1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4. Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as Exhibit "1".

5. Upon receipt of authorization from the Court, PLAINTIFF shall deliver to UNITED, UAL, and HUNTLEIGH an executed Confidential Release in the form attached hereto as Exhibit "1".  The execution of said Confidential Release does not preclude the PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of GARNET BAILEY, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.,* 1:02-CV-1616 (USDC, District of Columbia (JR)); *In Re Terrorist Attacks of September 11, 2001,* 03 MDL 1570 (RCC); and, *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.,* 03 CV 9849 (RCC).

6. Subject to compliance with all conditions set forth above, within 30 days after the final non-appealable determination described in paragraphs "2" and "3" is

3

issued or within 30 days after receipt by counsel for UNITED, UAL, and HUNTLEIGH of the executed Confidential Release, whichever is later, UNITED, UAL, and HUNTLEIGH's insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement shall be void, and PLAINTIFF shall be entitled to reinstate her case against the RELEASEES.

7. The parties acknowledge that this agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this agreement does not constitute an admission of liability, responsibility, or proportionate responsibility by any party.

8. This agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9. This Agreement may not be modified orally and can only be modified by means of a written agreement signed by the PLAINTIFF, UNITED, UAL, HUNTLEIGH and ICTS International NV.

10. The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of the payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, insurers and insurance representatives who have a need to know the amount of the settlement, and to any court referenced in paragraphs "2" and "3". No party, attorney, employee,

4

agent, insurer or insurance representative of a party shall disclose the amount of the settlement unless required to do so by court order.

      11. This agreement may be executed in counterparts.

Dated:  New York, New York
       _____, 2007

MOTLEY RICE LLC

By: _____
     Mary Schiavo
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina, 29465
Telephone: (843) 216-9000
Attorneys for Plaintiff
KATHERINE BAILEY

SUSMAN GODFREY, LLP

By: _____
     H. Lee Godfrey, Esq. (HG 1204)
Attorneys for Defendant
HUNTLEIGH USA CORPORATION
1000 Louisiana Street
Houston, Texas 77002-5096
Telephone: (713) 653-7857

ACE GLOBAL MARKETS

By: _____
     John L. Larkins
Aviation Claims Manager
ACE Global Markets
100 Leadenhall Street
London EC3A 3BP

For and on behalf of the insurers for
HUNTLEIGH USA CORPORATION

QUIRK AND BAKALOR, P.C.

By: _____
     Jeffrey J. Ellis, Esq. (JE 7796)
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN ROWE & MAW
71 South Wacker
Chicago, Illinois 60606
Telephone: (312) 782-0600

Attorneys for Defendants
UNITED AIR LINES, Inc., and
UAL CORPORATION

UNITED STATES AVIATION
UNDERWRITERS, INC.

By: _____
     Joseph P. Taccetta, Esq.
     Senior Vice President
As the Managers of, and on behalf of, the
United States Aircraft Insurance Group
and its Member Companies along with
the other aviation insurers subscribing to
the Aviation Insurance Policies issued to
United Air Lines, Inc. and UAL Corp.
199 Water Street, One Seaport Plaza
New York, New York 10038

6

MOTLEY RICE LLC

By: _Mary Schiavo_
      Mary Schiavo
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina, 29465
Telephone: (843) 216-9000
Attorneys for Plaintiff
KATHERINE BAILEY

SUSMAN GODFREY, LLP


By: _____
      H. Lee Godfrey, Esq.(HG 1204)
Attorneys for Defendant
HUNTLEIGH USA CORPORATION
1000 Louisiana Street
Houston, Texas 77002-5096
Telephone: (713) 653-7857


ACE GLOBAL MARKETS


By: _____
      John L. Larkins
Aviation Claims Manager
ACE Global Markets
100 Leadenhall Street
London EC3A 3BP

For and on behalf of the insurers for
HUNTLEIGH USA CORPORATION

QUIRK AND BAKALOR, P.C.

By: _____
      Jeffrey J. Ellis, Esq. (JE 7796)
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN ROWE & MAW
71 South Wacker
Chicago, Illinois 60606
Telephone: (312) 782-0600

Attorneys for Defendants
UNITED AIR LINES, Inc., and
UAL CORPORATION


UNITED STATES AVIATION
UNDERWRITERS, INC.


By: _____
      Joseph P. Taccetta, Esq.
      Senior Vice President
As the Managers of, and on behalf of, the
United States Aircraft Insurance Group
and its Member Companies along with
the other aviation insurers subscribing to
the Aviation Insurance Policies issued to
United Air Lines, Inc. and UAL Corp.
199 Water Street, One Seaport Plaza
New York, New York 10038

6

04/06/2007 14:54 FAX 212 859 3096     US AVIATION

MOTLEY RICE LLC

By: _____
Mary Schiavo
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina, 29465
Telephone: (843) 216-9000
Attorneys for Plaintiff
KATHERINE BAILEY

SUSMAN GODFREY, LLP

By: _____
H. Lee Godfrey, Esq.(HG 1204)
Attorneys for Defendant
HUNTLEIGH USA CORPORATION
1000 Louisiana Street
Houston, Texas 77002-5096
Telephone: (713) 653-7857

ACE GLOBAL MARKETS

By: _____
John L. Larkins
Aviation Claims Manager
ACE Global Markets
100 Leadenhall Street
London EC3A 3BP

For and on behalf of the insurers for
HUNTLEIGH USA CORPORATION

QUIRK AND BAKALOR, P.C.

By: _____
Jeffrey J. Ellis, Esq. (JE 7796)
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN ROWE & MAW
71 South Wacker
Chicago, Illinois 60606
Telephone: (312) 782-0600

Attorneys for Defendants
UNITED AIR LINES, Inc., and
UAL CORPORATION

UNITED STATES AVIATION
UNDERWRITERS, INC.

By: _____
Joseph P. Taccetta, Esq.
Senior Vice President
As the Managers of, and on behalf of, the
United States Aircraft Insurance Group
and its Member Companies along with
the other aviation insurers subscribing to
the Aviation Insurance Policies issued to
United Air Lines, Inc. and UAL Corp.
199 Water Street, One Seaport Plaza
New York, New York 10038

6

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 21 MC 97 (AKH)

THIS DOCUMENT RELATES TO:
02 CV 6364

IN RE SEPTEMBER 11 LITIGATION

Baker, et al. v. United Air Lines, Inc.,
et. al.

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants UNITED AIR LINES, INC.
(hereinafter "UNITED"), UAL CORPORATION (hereinafter "UAL"), and HUNTLEIGH
USA CORPORATION (hereinafter "HUNTLEIGH"), and plaintiffs, SUSANNE WARD
BAKER and DOYLE RAYMOND WARD, Individually and as Co-Personal
Representatives of the Estate of TIMOTHY WARD, deceased (hereinafter
"PLAINTIFF") hereby stipulate and agree:

1.    In consideration of the sum of ███████████████████
████████████████ ████████████████████
██████████████ of which is to be paid by the Insurers of
UNITED and UAL, and███████████████████████ of which
was previously paid on behalf of UNITED, and the sum of ████████████
████████████████ to be paid by the Insurers of
HUNTLEIGH, for a total of the payments to PLAINTIFFS of ████████████
████████████ PLAINTIFFS hereby agree to release and discharge
UNITED, UAL, HUNTLEIGH, ICTS INTERNATIONAL NV and any and all other
defendants named in any of the individual or Master Complaints filed under civil action

number 21 MC 97 (AKH), and agree to execute a Confidential Release in the form attached hereto as Exhibit "1".

2.    PLAINTIFFS have expressed an intention and desire to use a portion of said total payments to provide Cash at Settlement and the balance of said payments to finance the purchase of an Annuity Contract which would provide the PLAINTIFFS, and/or the designated beneficiary of such Annuity Contract, Future Periodic Payments. The amount of Cash at Settlement and the amount of said payments that are to fund said Annuity Contract, together with the terms applicable to same, will be set forth and specified in the Confidential Release, in the form attached hereto as Exhibit "1."

3.    The parties to this Agreement recognize the legitimate interest of UNITED, UAL, and HUNTLEIGH in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). UNITED, UAL, and HUNTLEIGH are not willing to enter into this Agreement absent that assurance.  The parties therefore agree that:

(a)    UNITED, UAL, and HUNTLEIGH shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1)of ATSSSA; and

(b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all

2

amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1)of ATSSSA.

4.    Within 21 days after execution of this Confidential Stipulation of Settlement, UNITED, UAL, and HUNTLEIGH shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "3". The parties agree, and PLAINTIFFS specifically consent, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFFS against all UNITED, UAL, and HUNTLEIGH, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in Appendix "A" to the Confidential Release in the form attached hereto as Exhibit "1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

5.    Following execution of the Confidential Stipulation of Settlement, PLAINTIFFS shall submit to Judge Alvin K. Hellerstein a Motion for Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFFS to execute and deliver a Confidential Release in the form attached hereto as Exhibit "1."

6.    PLAINTIFFS shall deliver to UNITED, UAL, and HUNTLEIGH's attorneys an executed Confidential Release in the form attached hereto as Exhibit "1". The

execution of said Confidential Release does not preclude the PLAINTIFFS from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of TIMOTHY WARD, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-1616 (USDC, District of Columbia (JR)); *In Re Terrorist Attacks of September 11, 2001,* 03 MDL 1570 (RCC); and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 03 CV 9849 (RCC).

7.    Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "3" and "4" is issued or within 30 days after receipt by counsel for UNITED, UAL, and HUNTLEIGH of the executed Confidential Release, whichever is later, UNITED, UAL, and HUNTLEIGH's insurers will pay to PLAINTIFFS the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "3" and "4", this Confidential Stipulation of Settlement shall be void, and PLAINTIFFS shall be entitled to reinstate their case against the RELEASEES.

8.    The parties acknowledge that this agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this agreement does not constitute an admission of liability, responsibility, or proportionate responsibility by any party.

9.    This agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other

jurisdiction.

    10.    This Agreement may not be modified orally and can only be modified by means of a written agreement signed by the PLAINTIFFS, UNITED, UAL, HUNTLEIGH and ICTS INTERNATIONAL NV.

    11.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, insurers, and insurance representatives who have a need to know the amount of the settlement, and to any court referenced in paragraphs "3" and "4". No party, attorney, employee, agent, insurer, or insurance representative of a party shall disclose the amount of the settlement unless required to do so by court order.

    12.    This agreement may be executed in counterparts.

Dated: New York, New York
       April,   2007

MOTLEY RICE LLC

By: _____
    Mary Schiavo
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29465
Telephone: (843) 216-9000

*Attorneys for Plaintiffs, SUSANNE WARD
BAKER and DOYLE RAYMOND WARD*

SUSMAN GODFREY, LLP

By: _____
    H. Lee Godfrey, Esq. (HG 1204)
1000 Louisiana Street
Houston, Texas 77002-5096
Telephone: (713) 653-7857

QUIRK AND BAKALOR, P.C.

By: _____
    Jeffrey J. Ellis, Esq. (JJE 7796)
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN ROWE & MAW
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7065

*Attorneys for Defendants
UNITED AIR LINES, INC. and
UAL CORPORATION*

jurisdiction.

10.     This Agreement may not be modified orally and can only be modified by means of a written agreement signed by the PLAINTIFFS, UNITED, UAL, HUNTLEIGH and ICTS INTERNATIONAL NV.

11.     The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, insurers, and insurance representatives who have a need to know the amount of the settlement, and to any court referenced in paragraphs "3" and "4". No party, attorney, employee, agent, insurer, or insurance representative of a party shall disclose the amount of the settlement unless required to do so by court order.

12.     This agreement may be executed in counterparts.

Dated:  New York, New York
        April,    2007

MOTLEY RICE LLC

By: _____
       Mary Schiavo
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29465
Telephone: (843) 216-9000

*Attorneys for Plaintiffs, SUSANNE WARD*
*BAKER and DOYLE RAYMOND WARD*

SUSMAN GODFREY, LLP

By: _____
       H. Lee Godfrey, Esq. (HG 1204)
1000 Louisiana Street
Houston, Texas  77002-5096
Telephone: (713) 653-7857

QUIRK AND BAKALOR, P.C.

By: _____
       Jeffrey J. Ellis, Esq. (JJE 7796)
845 Third Avenue, 15th Floor
New York, New York  10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN ROWE & MAW
71 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 701-7065

*Attorneys for Defendants*
*UNITED AIR LINES, INC. and*
*UAL CORPORATION*

5

jurisdiction.

10.    This Agreement may not be modified orally and can only be modified by means of a written agreement signed by the PLAINTIFFS, UNITED, UAL, HUNTLEIGH and ICTS INTERNATIONAL NV.

11.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, insurers, and insurance representatives who have a need to know the amount of the settlement, and to any court referenced in paragraphs "3" and "4". No party, attorney, employee, agent, insurer, or insurance representative of a party shall disclose the amount of the settlement unless required to do so by court order.

12.    This agreement may be executed in counterparts.

Dated:  New York, New York
        April,    2007

MOTLEY RICE LLC

By: _____
        Mary Schiavo
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29465
Telephone: (843) 216-9000

*Attorneys for Plaintiffs, SUSANNE WARD BAKER and DOYLE RAYMOND WARD*

SUSMAN GODFREY, LLP

By: _____
        H. Lee Godfrey, Esq. (HG 1204)
1000 Louisiana Street
Houston, Texas 77002-5096
Telephone: (713) 653-7857

QUIRK AND BAKALOR, P.C.

By: _____
        Jeffrey J. Ellis, Esq. (JJE 7796)
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN ROWE & MAW
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7065

*Attorneys for Defendants
UNITED AIR LINES, INC. and
UAL CORPORATION*

5

*Attorneys for Defendant*
*HUNTLEIGH USA CORPORATION*

ACE GLOBAL MARKETS

By: _____
    John L. Larkins
    Aviation Claims Manager
ACE Global Markets
100 Leadenhall Street
London EC3A 3BP

*For and on behalf of the insurer for*
*HUNTLEIGH USA CORPORATION*

UNITED STATES AVIATION
UNDERWRITERS, INC.

By: _____
    Joseph P. Taccetta, Esq.
    Senior Vice President
As the Managers of, and on behalf of, the
United States Aircraft Insurance Group
and its Member Companies along with
the other aviation insurers subscribing to
the Aviation Insurance Policies issued to
United Air Lines, Inc. and UAL Corp.
199 Water Street, One Seaport Plaza
New York, New York  10038

6

04/19/2007 10:15 FAX 212 859 3090    US AVIATION                    ☑002

*Attorneys for Defendant*
*HUNTLEIGH USA CORPORATION*

ACE GLOBAL MARKETS


By: _____
    John L. Larkins
    Aviation Claims Manager
ACE Global Markets
100 Leadenhall Street
London EC3A 3BP

*For and on behalf of the insurer for*
*HUNTLEIGH USA CORPORATION*

UNITED STATES AVIATION
UNDERWRITERS, INC.

By: _____
    Joseph P. Taccetta, Esq.
    Senior Vice President
As the Managers of, and on behalf of, the
United States Aircraft Insurance Group
and its Member Companies along with
the other aviation insurers subscribing to
the Aviation Insurance Policies issued to
United Air Lines, Inc. and UAL Corp.
199 Water Street, One Seaport Plaza
New York, New York 10038

6